IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

vs.                                    Case Nos.:        4:13cr103/RH/CAS
                                                         4:16cv368/RH/CAS

MICHAEL TOWNSEND ANTHONY,
    Defendant.

_____

# REPORT AND RECOMMENDATION

Defendant Michael Townsend Anthony, through appointed counsel, filed a Motion to Correct Sentence Under 28 U.S.C. § 2255 and a Memorandum in Support contending that he is entitled to sentencing relief pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015).  (ECF Nos. 58, 61).  The Government filed a response in opposition (ECF No. 62), following which the court entered an order deferring consideration of this cause until after a decision in *United States v. Warren Golden*, ECCA Case No. 15-15624-AA.  (ECF No. 63).  The parties were each directed to file, within fourteen (14) days of a ruling in *Golden*, an appropriate pleading analyzing the application of *Golden* to Defendant's request for § 2255 relief. The Eleventh Circuit issued its decision in Golden on January 24, 2017.

Case Nos.: 4:13cr103/RH/CAS; 4:16cv368/RH/CAS

*United States v. Golden*, Case No. 15-15624, 2017 WL 343523 (11th Cir. 2017), and Defendant timely filed a supplemental reply. (ECF No. 64). After a review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied. See Rules Governing Section 2255 Cases 8(a) and (b).

## BACKGROUND

Defendant Michael Anthony pleaded guilty to possessing a firearm as a convicted felon. (ECF Nos. 1, 22). The Presentence Investigation Report determined that Defendant was an Armed Career Criminal because of his prior convictions for armed robbery and attempted armed robbery (five counts arising out of three separate incidents in 1992), and convictions for aggravated assault on a law enforcement officer and aggravated fleeing and eluding. (ECF No. 33, PSR ¶¶ 25, 42, 45). Defendant's total offense level pursuant to § 4B1.4(a) and (b)(3)(B) of the Sentencing Guidelines was 31. (ECF No. 33, PSR ¶¶ 25-28). He had nine criminal history points, which would have placed him in criminal history category IV, but for the fact that he was an Armed Career Criminal who had used or possessed a firearm in connection with a controlled substance offense. (ECF No. 33,

PSR ¶¶ 55, 56).   His criminal history category was VI, and the applicable guidelines range was 188 to 235 months imprisonment.   (ECF No. 33, PSR ¶¶ 56, 87).   On May 2, 2014, the court sentenced Defendant at the bottom of this range to a term of 188 months imprisonment followed by five years of supervised release.   (ECF No. 35).   The Eleventh Circuit affirmed.   (ECF No. 57).   Defendant now contends that due to the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), he is entitled to resentencing without the ACCA enhancement.

ANALYSIS

Pursuant to the Armed Career Criminal Act, ("ACCA"), a person who has three previous convictions for a violent felony, a serious drug offense, or both is subject to a mandatory minimum fifteen-year sentence.   18 U.S.C. § 924(e)(1).   The statutory definition of a violent felony under the ACCA is an offense that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another *[known as the elements clause]* or (ii) is burglary, arson, or extortion, involves the use of explosives *[known as the enumerated offenses clause]* or otherwise involves conduct that presents a serious potential risk of physical injury to another *[known as the residual clause]*."   18 U.S.C.

§ 924(e)(2)(B)(i) and (ii).   An individual subject to ACCA's enhanced penalties also is subject to a greater guidelines range pursuant to U.S.S.G. § 4B1.4.   Defendant was sentenced to a term of 188 months imprisonment.   Absent the application of the ACCA enhancement, he would have faced a maximum sentence of ten years imprisonment.   *See* 18 U.S.C. § 924(a)(2).

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court ruled that the ACCA's "residual clause" was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563.   Thus, a prior conviction can only qualify as a "violent felony" if it falls within the elements clause or is one of the enumerated offenses.

Defendant had five separate convictions that supported the application of the ACCA enhancement.   He was convicted in April of 1993 of two counts of armed robbery and three counts of attempted armed robbery.   (ECF No. 33, PSR ¶ 42).   The two armed robbery counts were based on a single incident involving two victims on November 17, 1992, and thus were not committed on occasions different from each other and counted as a single predicate.   *See* 18 U.S.C. § 924(e)(1).   The attempted armed robbery convictions involved an incident on November 18, 1992,

Case Nos.: 4:13cr103/RH/CAS; 4:16cv368/RH/CAS

involving two victims, as well as another incident in a separate location "five minutes later" on the same date.   These convictions thus counted as one, or at most two, incidents.   The remaining two ACCA predicate convictions were for aggravated fleeing and eluding, and aggravated assault on a law enforcement officer.   These convictions involved Defendant's flight from one law enforcement officer and his near miss of the car of another officer who attempted to block Defendant's flight. (ECF No. 33, PSR ¶ 45).

The parties agree that Defendant Anthony's conviction for aggravated fleeing and eluding no longer "can[] be considered a violent felony under the ACCA."   *United States v. Petrucelli*, 636 F. App'x 494, 496 (11th Cir. 2016); *United States v. Adams*, 815 F.3d 1291 (11th Cir. 2016).

Anthony maintains that his prior Florida convictions for armed robbery and attempted armed robbery are no longer ACCA predicates.   In taking this position, he acknowledges Eleventh Circuit precedent holding that a defendant's armed robbery convictions qualified as violent felonies.   *In re Moore*, 830 F.3d 1268 (11th Cir. 2016) (noting that convictions for robbery with a firearm and armed robbery "qualified as violent felonies under our binding precedent").   Anthony maintains, however, that the *Moore* court erred, and that his case represents an exception to existing precedent.

Case Nos.: 4:13cr103/RH/CAS; 4:16cv368/RH/CAS

Defendant notes the Eleventh Circuit has recognized that there is no binding precedent that holds that pre-2000 Florida robbery convictions qualify as violent felonies. *In re: Jackson*, 826 F.3d 1343, 1346-47 (11th Cir. 2016). However, less than five months later, without citing *Jackson,* the Eleventh Circuit held in *United States v. Fritts*, 841 F.3d 937 (11th Cir. 2016), that a defendant's 1989 Florida armed robbery conviction "categorically qualifies as a 'violent felony' under the ACCA's elements clause." *Fritts*, 841 F.3d at 944 (citing *United States v. Dowd*, 451 F.3d 1244, 1255 (11th Cir. 2006); *United States v. Lockley*, 632 F.3d 1238, 1245 (11th Cir. 2011); *Robinson v. State*, 692 So. 2d 883, 886 (Fla. 1997); *McCloud v. State*, 335 So. 2d 257, 258-259 (Fla. 1976); and *Montsdoca v. State*, 93 So. 157, 159 (Fla. 1922)); *see also In re Hires,* 825 F.3d 1297 (11th Cir. 2016) (rejecting the claim that *Descamps v. United States,* 133 S. Ct. 2276 (2013), undermined Eleventh Circuit precedent in *Dowd* and holding that the defendant's 1995 Florida robbery conviction qualified as a violent felony under the ACCA's elements clause, which includes "any felony that 'has as an element the use, attempted use, or threatened use of physical force' "); *In re Thomas,* 823 F.3d 1345, 1349 (11th Cir. 2016) (citing *Dowd* and holding that the defendant's 1980 and 1986 Florida

Case Nos.: 4:13cr103/RH/CAS; 4:16cv368/RH/CAS

"convictions for armed robbery qualify as ACCA predicates under the elements clause"); *In re Moore,* 830 F.3d 1268, 1271 (11th Cir. 2016) (concluding that the defendant's two Florida robbery-with-a-firearm convictions and his armed robbery conviction "qualify as violent felonies under our binding precedent" in *Dowd* and *Thomas*)); *United States v. Seabrooks*, 839 F.3d 1326 (11th Cir. 2016) (defendant's six 1997 Florida convictions for armed robbery with a firearm qualified as violent felonies under the ACCA's elements clause).   The undersigned recognizes that defendant Fritts has filed a petition for a writ of certiorari in the United States Supreme Court.   *United States v. Fritts*, *petition for cert. filed* (U.S. Feb. 3, 2017) (No.16-7883).   The pendency of a request for a petition for certiorari does not allow the court to ignore the binding precedent. Pursuant to *Fritts* and the cases cited therein, Defendant's convictions for robbery and armed robbery are proper ACCA predicates.

The last ACCA predicate conviction was for aggravated assault on a law enforcement officer.   Defendant acknowledges that the Eleventh Circuit recently held that aggravated assault is a crime of violence as

Page **8** of **10**

defined by U.S.S.G. § 2K2.1.[1]  *United States v. Golden*, Case No. 15-15624, 2017 WL 343523 (11th Cir. Jan. 24, 2017).   The *Golden* court relied on the court's prior decision in *Turner v. Warden Coleman FCI*, 709 F.3d 1328 (11th Cir. 2013).   Defendant notes Judge Pryor's detailed concurrence in which she articulates why the reasoning in *Turner* was flawed and inconsistent with "then-binding circuit precedent" and with "intervening Supreme Court precedent."   *Golden*, 2017 WL 343523, *1, 3 (Pryor, J., concurring).   Judge Pryor urged her colleagues to rehear *Golden* en banc, in order to reconsider the precedent established by *Turner*.   *Id*.    However, *Golden* is not the only case to reach the conclusion that aggravated assault is a crime of violence.   *See, e.g.*, *In re Hires*, 825 F.3d 1297, 1301 (11th Cir. 2016); *see also United States v. Gandy*, 710 F.3d 1234, 1237 (11th Cir. 2013) (Florida's aggravated assault on a law enforcement officer is a violent felony under the ACCA's elements clause.)   The court recognizes Defendant's disagreement with *Golden*, but again, is bound to follow the precedent of the Eleventh Circuit.

---

[1] Decisions interpreting the Sentencing Guidelines' phrase "crime of violence" are equally applicable to analysis of the ACCA's "violent felony."   *See Turner v. Warden Coleman FCI*, 709 F.3d 1328, 1335 n. 4 (11th Cir. 2013).

Conclusion

One of Defendant Anthony's prior convictions is no longer a proper ACCA predicate after *Johnson.* Nonetheless, under the law of this circuit, Defendant still has sufficient prior convictions to support the application of the ACCA enhancement. As such, his motion to vacate or correct his sentence should be denied.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

Case Nos.: 4:13cr103/RH/CAS; 4:16cv368/RH/CAS

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (ECF No. 58) be **DENIED**.

2. A certificate of appealability be **DENIED**.

At Tallahassee, Florida, this 21st day of February 2017.

       s/ Charles A. Stampelos
  **CHARLES A. STAMPELOS**
  **UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case Nos.: 4:13cr103/RH/CAS; 4:16cv368/RH/CAS