# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                                    CASES NO. 4:13cr103-RH/CAS
                                                                 4:16cv368-RH/CAS

MICHAEL TOWNSEND ANTHONY,

      Defendant.

_____/

## ORDER DENYING THE § 2255 MOTION AND GRANTING A CERTIFICATE OF APPEALABILITY

The defendant Michael Townsend Anthony has moved under 28 U.S.C. § 2255 for relief from his sentence. The motion is before the court on the magistrate judge's report and recommendation, ECF No. 65, and the objections, ECF No. 66. I have reviewed de novo the issues raised by the objections. This order accepts the report and recommendation and denies the § 2255 motion.

Mr. Anthony pleaded guilty to possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). The maximum sentence for violating § 922(g)(1) is ordinarily 10 years in prison. *See id*. § 924(a)(2). But if the defendant is an armed career criminal, the minimum sentence is 15 years, and the maximum is life. 18 U.S.C. § 924(e). An armed career criminal is a defendant who

possesses a firearm as a convicted felon and "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." *Id*.

When he was sentenced, Mr. Anthony was treated as an armed career criminal. He had five prior convictions for armed robbery or attempted armed robbery arising out of three separate incidents, a conviction for aggravated assault, and a conviction for fleeing and eluding. Each of these was a "violent felony" under the law of the circuit at that time. Mr. Anthony was sentenced to 188 months in prison, the low end of the guideline range. Had Mr. Anthony not been an armed career criminal, his sentence would have been substantially lower. Mr. Anthony appealed, asserting he should not have been treated as an armed career criminal. The United States Court of Appeals for the Eleventh Circuit affirmed.

In his § 2255 motion, Mr. Anthony asserts that the law has changed. In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held unconstitutional part of the definition of a "violent felony" under § 924(e). *Johnson* is retroactively applicable on collateral review. *See Welch v. United States*, 136 S. Ct. 1257 (2016). Under *Johnson*, fleeing and eluding is not a crime of violence.

This does not, however, change the result. Under the law of the circuit, armed robbery and attempted armed robbery remain violent felonies. *See, e.g.*, *United States v. Fritts*, 841 F.3d 937 (11th Cir. 2016); *United States v. Seabrooks*,

839 F.3d 1326 (11th Cir. 2016). The same is true for aggravated assault. *See*

*United States v. Golden*, 854 F.3d 1256 (11th Cir. 2017); *United States v. Hughes*,

__ F. App'x __, No. 16-12297, 2017 WL 2471207 (11th Cir. June 8, 2017).

Mr. Anthony disagrees with these decisions, asserting that neither robbery

nor aggravated assault, as defined under Florida law, is a "violent felony" within

the meaning of § 924(e). On the aggravated-assault issue, he emphasizes the

*Golden* concurrence, which acknowledged the law of the circuit but asserted it

should be reconsidered en banc. This of course does not help Mr. Anthony at this

time; a district court, like a circuit panel, must follow the law of the circuit until it

is changed.

Moreover, even if *Golden* were overruled so that Mr. Anthony's aggravated-

assault conviction could no longer be treated as a violent felony, his robbery and

attempted robbery convictions would be sufficient, standing alone, to make him an

armed career criminal. He was convicted of robbing two individuals in a hotel

parking lot on November 17, 1992; attempting to rob two other individuals in their

room in a different hotel on November 18, 1992; and attempting to rob yet another

individual five minutes later in the parking lot of yet another hotel. *See* Presentence

Report ¶ 42. These count as robberies or attempted robberies on three "occasions

different from one another" within the meaning of § 924(e). *See, e.g.*, *United States*

*v. Pope*, 132 F.3d 684, 690 (11th Cir. 1998) (holding that burglaries of two

separate buildings approximately 200 yards apart on the same evening counted separately under § 924(e): "A showing that the crimes reflect distinct aggressions, especially if the defendant committed the crimes in different places, is particularly probative of the sequential nature of those crimes."); *United States v. Brady,* 988 F.2d 664, 666 (6th Cir. 1993) (en banc) (holding that robberies separated by 30 minutes counted separately under § 924(e)); *United States v. Tisdale,* 921 F.2d 1095, 1099 (10th Cir. 1990) (holding that successive burglaries of three businesses counted separately under § 924(e)); *United States v. Schieman*, 894 F.2d 909, 910, 913 (7th Cir. 1990) (holding that a burglary counted separately from an aggravated battery committed after leaving the burglarized premises).

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree

that) the petition should have been resolved in a different manner
or that the issues presented were "adequate to deserve
encouragement to proceed further."

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4).

Reasonable jurists could not debate whether, under the law of the circuit as it now exists, Mr. Anthony is entitled to relief. But reasonable jurists could debate whether the law of the circuit should be reconsidered en banc or changed by the Supreme Court. A court may properly grant a certificate of appealability on this basis. Otherwise an issue worthy of reconsideration en banc or review by the Supreme Court might never get there. This order grants a certificate of appealability.

IT IS ORDERED:

1. The clerk must enter a judgment stating, "The defendant's motion for relief under 28 U.S.C. § 2255 is denied."

2. A certificate of appealability is granted on this issue: whether, at the time of this offense, Mr. Anthony had three prior convictions for violent felonies committed on occasions different from one another.

SO ORDERED on June 17, 2017.

s/Robert L. Hinkle
United States District Judge